UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

MARCUS O. HILL            ]
    Petitioner,       ]
                          ]
v.                        ]     No. 1:15-0104
                          ]     Chief Judge Sharp
TENNESSEE DEPARTMENT OF   ]
CORRECTION                ]
    Respondent.       ]

# M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Maury County Jail in Columbia, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against the Tennessee Department of Correction, seeking a writ of habeas corpus.

On July 24, 2014, the petitioner pled guilty in Maury County to six drug related offenses under two indictments (Nos. 22113 and 21549). Docket Entry No. 27-1 at pgs. 48-51. For these crimes, he received an effective sentence of twelve years in prison. *Id.* at pgs. 52-55 (22113); Docket Entry No. 27-2 at pgs. 38-39 (21549). Having pled guilty, there was no direct appeal of the convictions and sentences taken by the petitioner.

On October 30, 2015, the petitioner initiated the instant action with the filing of a petition (Docket Entry No. 1) for writ of habeas corpus. In the petition, he sets forth four claims for relief. More specifically, the petitioner alleges that :

    1)    his sentences are illegal because of the sequence that the respondent is requiring him to serve them;

2)     improper range and class of offense were used to calculate his sentences;

3)     the respondent has breached the plea agreement by not following court orders regarding service of the sentences; and

4)     counsel was ineffective when he "abandoned" the petitioner.[1]

Upon its receipt, the Court examined the petition and determined that it was not facially frivolous. Accordingly, an order (Docket Entry No. 4) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules – § 2254 Cases.

Presently pending before the Court is respondent's Motion to Dismiss (Docket Entry No.32), to which the petitioner has offered no rebuttal. Having carefully considered the petition, respondent's Motion to Dismiss and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

The respondent asserts that this action is subject to dismissal because it is untimely and, in any event, the petitioner has not yet fully exhausted his state court remedies for each and every claim in his petition.

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an

---

[1] The petitioner was represented by John Colley, III in Case No. 22113 and Lee Brooks in Case No. 21549. Both are members of the Maury County Bar. The petitioner claims that John Colley, III denied him the effective assistance of counsel. Docket Entry No. 27-1 at pg. 88.

initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509, 518-20 (1982); Lyons v. Stovall, 188 F.3d 327, 331 (6th Cir. 1999). The petitioner must offer the state courts both the factual and legal bases for his claims. Hicks v. Straub, 377 F.3d 538, 552 (6th Cir. 2004). In other words, the petitioner must present "the same claim under the same theory" to the state courts. *Id.* It is not enough that all facts necessary to support a federal claim were before the court or that the petitioner exhausted a somewhat similar state law claim. Anderson v. Harless, 459 U.S. 4, 6 (1982). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Wilson v. Mitchell, 498 F.3d 491, 498-99 (6th Cir. 2007).[2]

A review of the record shows that the petitioner had filed at least seven motions in state court raising his illegal sentence (Claim Nos. 1 and 2) and breach of contract (Claim No. 3) claims. *See* Docket Entry No. 27-1 at pgs. 63-64, 68-70, 73 and 82. These motions were denied, *Id*. at pgs. 85-86, and are currently on appeal. *Id.* at pgs. 87-88. Petitioner's remaining claim, i.e., the ineffective assistance of counsel (Claim No. 4), has never been raised in the state courts for review. From this, it is clear that the petitioner has not yet fully exhausted his state court remedies for any of his

---

[2] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

claims.[3]

When a habeas corpus petitioner has failed to exhaust all state court remedies for each claim in his petition, a district court is obliged to dismiss the petition. Rose v. Lundy, *supra*, at 455 U.S. 422. Accordingly, an appropriate order will be entered granting respondent's Motion and dismissing this action without prejudice to petitioner's right to pursue any state court remedies which might be available to him. Rule 4, Rules --- § 2254 Cases.

 

_____
Kevin H. Sharp
Chief District Judge

---

[3] The petitioner is raising claims that challenge both the imposition of his sentences (ineffective assistance of counsel) and their execution. The execution of a sentence is more properly challenged under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254. United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991). Nevertheless, § 2241 claims must also be fully exhausted before a federal court will entertain them. Fazzini v. Northeast Ohio Correctional Center, 473 F.3d 229, 235-36 (6th Cir. 2006).